FILED            Harrisburg, PA.
July 21, 2021
Clerk, U.S. Bankruptcy Court

Debtor: Brian C. Bogert, Jr.

Case Number: 1-20-03241

Federal Bankruptcy Court for the Middle District of Pennsylvania

Creditor: Joshua Daub

## **Objection to the Confirmation of the Plan**

I. **Facts:**

The following facts are the basis of my objection to the confirmation of the Debtor's Chapter 13 plan:

1. I am an ex-employee of the Debtor, Brian Bogert.
2. In July and August of 2019, Mr. Bogert failed to tender my wages for time worked. I had requested that Mr. Bogert pay me these wages for several months.
3. Mr. Bogert made several written and verbal promises to tender my wages, and in reliance on these promises I continued to work and believed I would be paid later.
4. In July and August of 2019, Mr. Bogert provided me payment for my wages in the form of a check. This check was not able to be deposited as there were no funds in the account to withdraw from.
5. Mr. Bogert never tendered the wages I was owed for the time I worked in July and August of 2019, causing me to pursue employment elsewhere.
6. On August 25, 2020, I received a judgement against Mr. Bogert for said unpaid wages in the amount of $8,313.40. (See Exhibit A)
7. On October 5, 2020, I requested that the Court execute my judgment.
8. On November 5, 2020, Mr. Bogert filed for relief of the Federal Bankruptcy Court in the Middle District of Pennsylvania under Chapter 13 of the U.S. Bankruptcy Code.
9. Mr. Bogert failed to include me as a creditor in his Chapter 13 filing on November 5, 2020.
10. In the past several months since I received a judgment, I have been in contact with Mr. Bogert several times. During these conversations, specifically between January-March of 2021, Mr. Bogert made several affirmations that he would tender my unpaid wages. He also acknowledged the fact that I had received a judgment against him for unpaid wages. However, he made no mention of any Bankruptcy proceeding and never disputed that I was due the unpaid wages. Additionally, payment of my wages was never made, despite his written and verbal affirmations.
11. On March 2, 2021, the certified constable of Lebanon County, Kevin L. Scape, tagged an Equipter RB4000, VIN # IN9BD1316FP253752, to be sold at a public sale and satisfy my judgment against Mr. Bogert.
12. The public sale was scheduled to occur April 6, 2021 but was cancelled as the above-referenced Equipter was allegedly part of Mr. Bogert's bankruptcy estate.

      Mr. Bogert, as well as his attorney George Lutz, represented that Mr. Bogert owned the Equipter and that my levy was invalid due to the bankruptcy stay.
13. After my review of Mr. Bogert's asset schedules, I discovered that the schedules did not mention any construction equipment as his assets.

In addition to the above-referenced facts, the following information only pertains to the third stance for my objection to the confirmation of the Debtor's Plan:

      Mr. Bogert, in conducting his contractor businesses, has incurred a large amount of debt through Advanced Construction Solutions, LLC. He began to hide assets at a friend's home in Schuylkill County. Eventually, he created a new company, Advanced Roofing Systems, LLC, to conduct business. He transferred all major assets, customers, sub-contractors, and independent-contractor-employees to this new entity to evade debt. Additionally, he uses these entities as a shell to own his personal assets, such as vehicles and several construction tools. Further, he places several assets, which are for his business and personal use, in his wife's name to avoid creditors.

      Specifically, I would like to mention that he has omitted several high value assets from his Chapter 13 filing in an attempt to mislead the Court. His schedules do not mention his interest in the new entity, Advanced Roofing Systems, LLC, nor does it reference several pieces of equipment, which he has represented to me that he owns: 1) Two single hitch dump trailers; 2) One Ford-250 work van; 3) Two Chevy-3500 work vans; 4) One Eighteen foot, open-bed flat trailer; 5) One Chevy-1500 pickup truck; 6) 4 pump-jacks, with various pump-jack accessories; and 7) 3 24 ft extensions ladders, 2 32 ft extension ladder, 2 28 ft extension ladder, and a 16 ft extension ladder.

      I do not have hard evidence that he owns the above-referenced property, besides his verbal representations. However, in light of his representation to the Lebanon County Constables regarding his ownership of the Equipter RB4000, I would like to demand proof of ownership for this property. Notably, his schedules indicate that he has about $50.00 in cash, savings accounts, checking accounts, and the like; even though Advanced Construction Solutions, LLC, was represented to the Pennsylvania Department of State as having over $1 million in income, reported in March of 2021. Despite reporting this to the State of Pennsylvania his Attorney has represented that he operates under Advanced Roofing Systems as his former entity has no income.

II. **Argument**
1. The Debtor's Plan is in violation of section 1325(a)(4) of the U.S. Bankruptcy Code.

      I object to the confirmation of the Debtor's plan as the Debtor has not provided sufficient proof that the amount any allowed unsecured creditor would receive under the proposed plan is not less than that which they would receive if the estate were liquidated. The Debtor merely alleges in his Amended Plan that liquidation of this estate would result in $0.00 being available to pay trustee fees, priority claims, and allowed unsecured creditors. Additionally, in the Debtor's original plan, he alleged that there would be $11,750.00 available to pay trustee fees, priority claims, and allowed unsecured creditors. The Debtor provides no basis for this drastic change in projected liquidation value. Further, neither plan provides the calculations, breakdown, or evidence of how the projected liquidation value was determined.

Therefore, for the above-mentioned reasons, I respectfully request this Court to either order the Debtor to provide supporting evidence for his projected liquidation value or perform its own liquidation analysis.

2. The Debtor's Plan is in violation of section 1325(a)(6) of the U.S. Bankruptcy Code.

I object to the confirmation of the Debtor's plan as the Debtor has not provided sufficient proof that the Debtor will be successful and/or financially able to make all payments under the Amended Plan and comply fully with the Amended Plan.

My understanding is that the Debtor's only source of income is from his construction businesses. However, the Debtor has not provided the Court with evidence of his company's revenue, as well as its liabilities and debts. Moreover, he has not provided evidence of his own income from this company over the past 3 years.

Additionally, he has represented that his prior company, Advanced Construction Solutions, LLC, did not produce any revenue, despite his representations to the Commonwealth, which would provide $0.00 in funding for the Amended Plan. His current company, Advanced Roofing Systems, has not been a viable operating company very long. Based on the foregoing, I find that the Debtor will not be able to make all payments nor comply with this plan, considering that his income is based on the performance of a newly formed construction company.

Therefore, for the above-mentioned reasons, I respectfully request this Court to order the Debtor to provide appropriate supporting evidence of his ability to make all payments and comply with this plan.

3. The Debtor's Plan was not filed in good faith, in violation of section 1325(a)(7) of the U.S. Bankruptcy Code.

I object to the confirmation of the Debtor's plan as the Debtor has not filed this petition in good faith. As referenced above, the Debtor has used misleading and arguably fraudulent conduct to hide the filing of this petition from myself. The Debtor has been aware that he owes me unpaid wages since August of 2019. He received notice of my judgment against him for said wages. Most importantly, after filing this petition with the Court, he made several affirmations that he was aware I was till owed wages, but he never mentioned the subject bankruptcy proceeding. The only reason I was made aware of this proceeding was because he, through his counsel, used the petition as grounds to deny me the ability to perfect and collect on my judgment. I am aware of several debts that Mr. Bogert owes to subcontractors, suppliers, as well as current and ex-employees, but none of these are included in the plan. If I was not given notice of this proceeding, then how many other creditors did he withhold from this petition?

Lastly, as I referenced above, I believe that there are several other assets which he has not included as assets of this bankruptcy estate.

Therefore, for the above-mentioned reasons, I respectfully request this Court to deny the confirmation of this plan as the petition was not filed in good faith.

### III. Conclusion

I conclusion, I respectfully request this Court to deny the Debtor's proposed plan. In the alternative, I respectfully request this Court to require the Debtor to provide further evidence of the liquidation value of his estate, his feasibility to comply with this plan, and his good faith intentions in filing the subject petition.

CREDITOR

JOSHUA D. DAUB

| | |
|---|---|
| **From:** | web@pamb.uscourts.gov on behalf of PAMB Web |
| **To:** | PAMBml_fax |
| **Subject:** | EDSS filing from Joshua daub for Brian bogert on Wednesday, July 21, 2021 - 15:16 |
| **Date:** | Wednesday, July 21, 2021 3:16:52 PM |

Submitted on Wednesday, July 21, 2021 - 15:16
Submitted by user: Anonymous
Submitted values are:

Filer's Name: Joshua daub
Debtor's name (if different): Brian bogert
Filer's EMail Address: joshdaub0@yahoo.com
Filer's Phone Number: 7173068331
Case number (if known): 1-20-03241
==Documents==
Document 1:

http://www.pamb.uscourts.gov/system/files/webform/edss/Daub%20Objection%20to%20Plan.pdf
Document description: Why i object to the plan
==More Documents==
Document 2:
Document 2 description:
Document 3:
Document 3 description:
Document 4:
Document 4 description:
Document 5:
Document 5 description:


By entering my name in the box below, I affirm that I am intending to sign this form with my signature and consent to use this electronic form.: Joshua Daub