## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brian C. Bogert Jr.<br>    Debtor | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>    Movant<br>vs.<br>Brian C. Bogert Jr.<br>    Debtor<br>Jack N. Zaharopoulos, Esquire<br>    Trustee | NO. 20-03241 HWV<br><br>11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,072.52** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2022 through April 2022 at $1,050.63/month |
| Suspense Balance: | ($28.74) |
| **Total Post-Petition Arrears** | **$2,072.52** |

2. The Debtor shall cure said arrearages in the following manner:

  a). On or before May 31, 2022, the Debtor shall make a payment in the amount of **$2,072.52**

3. Beginning with the payment due May 1, 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,050.63 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Additionally, Movant and Debtor agree that following the loan modification, effective September 1, 2021, the monthly mortgage payment was $1,050.63 per month.

5. Debtor has no objection to Movant filing a late Notice of Payment Change reflecting the payment change following the loan modification.

6. Debtor acknowledges that he had actual notice of the payment change as of January 2022.

7. Due to the late notice, Movant shall credit Debtor's escrow account in the amount of $223.52, which represents the difference in the payment amount from September 2021 through December 2021.

8. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

9. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within THIRTY (30) days of the date of said notice. If Debtor should fail to cure the default within thirty (30) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

10. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

11. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

12. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 27, 2022

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: May 3, 2022

*George Lutz*

George M. Lutz, Esquire
Attorney for Debtor

Date: May 12, 2022

For *Dayphra R. Roeder, Staff Attorney*
Jack N. Zaharopoulos
Chapter 13 Trustee